UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-61471-CIV-COHN/SELTZER

BRAD MILLER,

    Plaintiff,

v.

ABERCROMBIE& KENT, INC.,

    Defendant.

_____/

**ORDER DENYING MOTION TO STRIKE**
**ORDER GRANTING MOTION TO FILE REPLY TO DEFENSES**

    THIS CAUSE is before the Court upon Plaintiff's Motions to Strike Certain Defenses [DE 12 and 14] and Plaintiff's Motion for Leave to Assert Reply in Avoidance of Affirmative Defenses [DE 15]. The Court has carefully considered the motions, Defendant's responses thereto [DE 16 and 17] and is otherwise fully advised in the premises. No reply memoranda were filed.

    Plaintiff filed this action against his former employer for breach of a written employment contract (Count I) and trade defamation (Count II). Defendant filed an answer and then an Amended Answer with several affirmative defenses [DE 13].[1] Plaintiff moves to strike certain defenses and also for leave to file a reply in avoidance of certain defenses. Defendant opposes the motions.

    Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "upon motion made by a party ... the court may order stricken from any pleading any insufficient

---

[1] Plaintiff had moved to strike certain defenses in Defendant's initial Answer [DE 5]. That motion [DE 12] was moot when Defendant filed its Amended Answer at issue in this order.

defense." Though disfavored in federal practice, a motion to strike may be granted with regard to a defense, or parts of a defense, that can have no possible bearing upon the subject matter of the litigation. <u>Craig Funeral Home, Inc. v. State Farm Mutual Automobile Ins. Co.</u>, 254 F.2d 569, 572 (5th Cir. 1958).[2]

Plaintiff argues that the defenses of "at-will employee" ("Second Defense" to Count I) and failure to state a claim for wrongful discharge ("Third Defense" to Count I) should be stricken.[3] Plaintiff asserts that because he has a written employment contract the defense of his being an at-will employee terminable at any time is "a sham." The Court disagrees. Defendant takes the position that the written employment contract did not change Plaintiff's status as being terminable at any time. This is a factual and/or legal dispute that should be dealt with on summary judgment or at trial, but not resolved on a motion to strike.

Plaintiff next argues that the affirmative defense that he has failed to state a claim for wrongful discharge because he could be terminated without cause has no bearing on this case because Plaintiff made a claim for breach of a written employment contract, not "wrongful discharge." Plaintiff asserts that Defendant has taken the position that Plaintiff was terminated "with cause," based upon the termination letter

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. <u>Bonner v. Pritchard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[3] The introduction to Plaintiff's Motion states that he also seeks to strike the second defense to Count II, but there is no further argument in the motion.

attached to the Complaint.  Defendant argues that Plaintiff's complaint makes specific reference to Defendant having "wrongfully terminating Mr. Miller without cause." Compl., ¶ 12g.  Thus, it appears Defendant is simply covering its bases as to all potential claims stated in the Complaint.

The Court concludes that the motion to strike the third defense be denied as well.  It is possible that the third defense regarding wrongful discharge could have some bearing on the allegations in the Complaint.

Turning next to Plaintiff's motion for leave to file a reply in avoidance of the affirmative defenses, the Court concludes that the motion should be granted.  As the parties note, there is no requirement in federal pleading that a reply to affirmative defenses be filed.  Defendant argues that because of this it is assumed that such defenses are denied by a plaintiff.  Nonetheless, the Court sees no harm in allowing this particular Plaintiff to file the proposed Reply.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motions to Strike Certain Defenses [DE 12 and 14] are hereby **DENIED**;

2. Plaintiff's Motion for Leave to Assert Reply in Avoidance of Affirmative Defenses [DE 15] is hereby **GRANTED**;

3. Plaintiff shall file its proposed reply as a separate document within five (5)

business days of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of February, 2009.

_/s/ James I. Cohn_
JAMES I. COHN
United States District Judge

copies to:

counsel of record on CM/ECF